UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : |
| | : |
| KEITH CAMPBELL a.k.a. | :   CR. NO.: 05-455(CKK) |
| "THE TAX MAN" a.k.a. | : |
| GEORGE DYSON, | : |
| | : |
| Defendant. | : |
| | : |

GOVERNMENT'S NOTICE OF INTENTION TO
INTRODUCE EVIDENCE PURSUANT TO FED. R. EVID. 404(b)

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby submits this formal notice[1] of intention to introduce evidence pursuant to Fed. R. Evid. 404(b). In support of its notice, the United States relies on the following points and authorities:

## I. INTRODUCTION

The Indictment in this case charges Keith Campbell, also known as "The Tax Man" and as George Dyson, with Conspiracy to Defraud the Government with Respect to claims, False Claims for Refund, and First Degree Theft. Defendant Campbell is charged with conspiring in four separate conspiracies with four unindicted co-conspirators. Each of the four conspiracies operated in essentially the same manner. Defendant Campbell solicited each of the co-conspirators, all of whom were heroin addicts desperate for money to buy more drugs to support their habit, to file false federal,

---

[1] At a discovery conference held on March 7, 2006, the undersigned Assistant U.S. Attorney advised Defendant Campbell's newly appointed attorney, Edward Sussman, of the Government's intention to introduce this evidence at trial.

District of Columbia, and State of Maryland individual income tax returns thereby generating fraudulent income tax refunds. Some of the tax returns were done in the true names of the co-conspirators, but with false Forms W-2, Wage and Tax Statements, in support thereof. The W-2 Forms were false in that the named taxpayer either never worked for the company listed on the W-2 or worked at the company but actually made wage income and had attendant withholding of taxes far below that claimed on the false tax return. In addition to filing false returns in their own names, each of the co-conspirators agreed to allow Defendant Campbell to use their home address or addresses over which they had control or access to the mail so that Defendant Campbell could direct other fraudulent tax refunds in other third-party "taxpayer" names. These false returns included true name false returns in the name of Keith Campbell and in his alias identity, "George Dyson." Campbell split the proceeds of each scheme with his co-conspirators and where applicable, with the other person whose name appeared on the tax return. In total, Campbell and his co-conspirators filed 82 federal, District of Columbia, and Maryland false tax returns, claiming $253,290.21 in refunds. They were successful in obtaining $156,736.80 in refunds.

## II. RULE 404(b) EVIDENCE[2]

A. <u>The Government intends to introduce evidence that defendant Campbell assumed the identity of George Dyson and used Dyson's name in furtherance of his crimes</u>.

1. <u>The Bank of America account in George Dyson's name</u>: Some time during 1999, Mr. Dyson's wallet containing his identification was lost or stolen. Thereafter, Defendant Campbell opened a checking account in George Dyson's name at Bank of America and provided identification in the name of George Dyson in order to do so. He deposited into that account numerous refund checks that are part of the four conspiracies alleged in the Indictment and other income tax refund checks in the names of third parties. At one point, a Bank of America employee held up the cashing of a refund check, because of suspicions about the number of third-party income tax refund checks being deposited into that account. The bank contacted the D.C. Office of Tax and Revenue. Thereafter, a man telephoned a supervisor at the offices of the D.C. Tax and Revenue, identified himself as "George Dyson," and inquired when he could get his money.

2. <u>Listing George Dyson as an Occupant of his residence on Metzarott Road and filing false tax returns in George Dyson's name</u>: Defendant Campbell also falsely listed George Dyson as an authorized occupant at his residence at 1836 Metzarott Road, Adelphi, MD. Defendant Campbell filed false tax returns in George Dyson's name. Some of those returns listed the Metzarott Road address (where Campbell resided) as the "taxpayer" address for Dyson. All of these activities were done without Mr. Dyson's knowledge or consent.

3. <u>Campbell gave the name "George Dyson" when approached by Special Agent Charles Jones</u>: On July 30, 2001, Special Agent Charles Jones approached a person whom he had reason to

---

[2] Much of the information contained in this notice may not constitute 404(b) evidence. However, in an abundance of caution, the government is providing notice.

believe was Defendant Campbell at Chuck and Billy's Bar in Washington, D.C. When Agent Jones asked Defendant Campbell who he was, he stated, "George Dyson."

    4.    <u>Campbell gave George Dyson's name when he was arrested on unrelated charges in 2001</u>: On April 2, 2001, Defendant Campbell was arrested for Uttering by the D.C. Metropolitan Police Department. That matter involved the allegation that Defendant Campbell, using the name, "George Dyson" had forged some checks. When he was arrested, Defendant Campbell gave the name,"George Dyson" and presented identification in the name of George Dyson, but bearing Defendant Keith C. Campbell's likeness. He also gave a videotaped statement in connection with that case. During the interview, Defendant Campbell indicated that the name on the checks was his name, that is, "George Dyson."

    B.    The Government intends to introduce into evidence in its case-in-chief, a typewriter ribbon on which Campbell typed W-2 information alleged in the Indictment and which also contains third-party taxpayer Form W-2 information, which is not part of <u>the Government's Case in Chief</u>**.**

A typewriter was recovered from Defendant Campbell's ex-girlfriend, Christine Jackson[3]. Forensic analysis of the typewriter ribbon reveals a number of bogus Forms W-2 that were submitted in connection with the false returns filed in this case. In addition, there are other third-party Forms W-2, interspersed on the ribbon, which tax returns are not a part of the Government's Case-in-Chief[4]:

---

[3] Jackson provided the typewriter to the case agents in response to a subpoena.

[4] The forensic analysis consists of a transcript that resembles a children's puzzle of "find the words."

### III.  BASIS FOR ADMISSION OF THE EVIDENCE

Rule 404(b) of the Federal Rules of Evidence governs the admission of other crimes, wrongs or acts of the defendant.  To the extent that it is not intertwined with the charged offenses, evidence of other crimes, wrongs or acts is admissible under Fed. R. Evid. 404(b) if offered for a permissible purpose. Such permissible purposes include proof of intent, motive, opportunity, plan, knowledge, identity or absence of mistake or accident. United States v. Miller,  895 F.2d 1431, 1436 (D.C. Cir. 1990), cert. denied, 498 U.S. 825 (1990). "[U]nder Rule 404(b), any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove bad character." Id. (original emphasis).  In determining whether such evidence is admissible, the Court undertakes a two part analysis. First, the Court considers whether the evidence is "probative of some material issue other than character." United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994). The federal rule is one of inclusion, not exclusion; the evidence may be offered for any purpose, so long as the evidence is not offered solely to prove character. See United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (en banc); United States v. Johnson, 802 F.2d 1459 (D.C. Cir. 1986). If the Court deems the evidence to be relevant, the Court should exclude the evidence only if its probative value "is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403; United States v. Day, 591 F.2d 861, 878 (D.C. Cir. 1978); see also Huddleston v. United States, 485 U.S. 681, 686 (1988). In close cases, the rule tilts toward the admission of the prior misconduct evidence.  See United States v. Johnson, 802 F.2d at 1463-64 ("the balance should generally be struck in favor of admission when the evidence indicates a close relationship to the event charged")

(quoting United States v. Day, 591 F.2d 861, 878 (D.C. Cir. 1978)).  The D.C. Circuit has recognized that, "Rule 404(b) evidence will often have ... multiple utility, showing at once intent, knowledge, motive, preparation and the like."  United States v. Crowder, 141 F.3d at 1208.

The 404(b) evidence summarized above is admissible to show defendant's intent, motive, opportunity, plan, knowledge, identity or absence of mistake.  Application of the legal principles surrounding Rule 404(b) demonstrates that the offered evidence is probative of relevant issues and ought to be admitted.  For these reasons, the government respectfully requests permission to introduce the foregoing evidence.

                                    Respectfully submitted,

                                    KENNETH L. WAINSTEIN
                                    D.C. Bar Number 451058
                                    UNITED STATES ATTORNEY
                                    FOR THE DISTRICT OF COLUMBIA

BY: _____
                                    SHERRI L. SCHORNSTEIN
                                    D.C. Bar # 415219
                                    Assistant U.S. Attorney
                                    Fraud & Public Corruption Section

DATED: March 9, 2006

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Notice of Intention to Introduce Evidence Pursuant to Fed. R. Evid. 404(b), was served on counsel for Defendant, Edward C. Sussman, Suite 900 - South Building, 601 Pennsylvania Ave., N.W., Washington, D.C. 20004, this \_\_\_\_\_, day of March, 2006, via the U.S. Mails and via facsimile transmission to (202) 347-1999.

                                                                               SHERRI L. SCHORNSTEIN
                                                                               Assistant U.S. Attorney