

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C.  20001*

March 24, 2006

Edward C. Sussman
Suite 900 - South Building
601 Pennsylvania Ave., N.W.
Washington, D.C. 20004

              Re: <u>United States v. Keith Campbell</u>

Dear Mr. Sussman:

      This letter is in reply to your letter dated March 7, 2006, requesting Rule 16 discovery, <u>Brady</u> information, Fed. R. Evid. 404(b) evidence, and <u>Giglio</u> information.  On March 7, 2006, we had a discovery conference at my office in the U.S. Attorney's Office.  Present at that meeting were Special Agents Jones and Sadler.  I made available for your review the 12 three-ring binders of documentary evidence that the Government intends to offer into evidence in it's case-in-chief. I also made available to you several boxes of materials.  As I represented to you, some of the materials in those boxes are duplicate copies of the items in the evidence binders.

      At the Status Hearing on March 10, 2006, you indicated that because Mr. Campbell is incarcerated and because he intends to take an active role in his own defense that you needed copies of all the documents in the binders.  Copies of the evidence binders, containing marked proposed Government Exhibits are enclosed.   Let me reiterate that all of the original evidence in this case is available for your inspection and review.

      Please note that Mr. Campbell's four co-conspirators, Robert North, Clarence Williams, Eleanor Pope, and Joseph Queen, as alleged in Counts One through Four of the Indictment, have all entered plea agreements with the United States, have pleaded guilty to Conspiracy to Defraud the Government with Respect to Claims for Refund and to First Degree Theft, and have agreed to cooperate with the Government in the case against Mr. Campbell in hopes of leniency in connection with their own sentencing.  These guilty pleas have been entered in court before Judge Kollar Kotelly and sentencing for these individuals is being continued to allow for their cooperation in the case against Mr. Campbell.  The plea agreements, which detail the terms and conditions, the nature of the cooperation, and the government's concessions are included as exhibits in the evidence binders in this case.

Mr. Campbell is charged, in a sixteen-count Indictment, with multiple criminal violations: four counts of Conspiracy to Defraud the Government with Respect to Claims, in violation of 18 U.S.C. § 286, eight counts of False or Fictitious Claims, in violation of 18 U.S.C. §1341, and four counts of First Degree Theft, in violation of the DC Code §§ 3211, 3212(a), 1805.

This case involves a scheme to defraud the Internal Revenue Service, the D.C. Office of Tax and Revenue, and the State of Maryland, through conspiracies to file false federal and local income tax returns generating false refunds. The investigation disclosed that from 1999 to 2002, Mr. Campbell, acting in concert with numerous other individuals, filed 81 false tax returns claiming refunds totaling $253,290.21. A schedule detailing these returns, as well as the District of Columbia and State of Maryland income tax returns is included in the exhibit binders.

The Indictment details mechanics of the scheme in this case.

Document Production

The following Rule 16 discovery is being provided and is available for your inspection in this case:

1. Statements of the Defendant

   A. Relevant Written or Recorded Statements Made by the Defendant

   On April 2, 2001, a videotaped statement was taken from Mr. Campbell in connection with his arrest by the Metropolitan Police Department in Case Number F-213501. In that statement, Mr. Campbell identified himself as "George Dyson," an alias identity he also used in the instant case. A copy of the video is being provided to you. The Government is also in the process of preparing a transcript of the video interview. The transcript will be available for you as soon as it is completed.

   B. Written Records Containing the Substance of Relevant Oral Statements made by the Defendant in Response to Interrogation by any Person then known by the Defendant to a Government Agent

   When Mr. Campbell was arrested in April 2, 2001, he identified himself as "George Harry Dyson." Copies of the various police reports: PD-163, PD- 251, PD-252, Affidavit of MPD Officer Thomas Jefferson, and the typed case notes of Detective Gregory Sullivan are being provided to you in the exhibit binders.

2. <u>Defendant's Prior Record</u>

    Mr. Campbell has the following convictions:

1. 1981, Jacksonville, Florida conviction for Marijuana/Dealing in Stolen Property, for which he was sentenced to 20 days, NPT amends, 19 days credit.

2. 1982, Rockville, Maryland conviction for Credit Card Misuse, for which he was sentenced to 2 years incarceration, suspended as to 1 year, 2 years probation, and $354.20 in restitution.

3. 1985, Baltimore, Maryland convictions for FBW - Fraud or Swindle; Mail Fraud, for which he was sentenced to 5 years incarceration.

4. 1991, Washington, D.C. conviction for 2nd Degree Theft, for which he was sentenced to 1 year incarceration, 1 year suspended, 2 years probation.

5. 1991, Rockville, Maryland conviction for Bad Checks and theft under $300.00, for which he was sentenced to 29 days in jail on each count.

6. 1992, Washington, D.C. conviction for 2nd Degree Theft, for which he was sentenced to 1 year incarceration, execution of sentence suspended, 2 years probation.

7. 1994, D.C. conviction for Bad Check (2 Counts) to which he was sentenced to 1-3 years in jail, 1-3 years suspended, 2 years probation, on each count. Probation was revoked on 1/28/00. And 2nd Degree Theft to which he was sentenced to 1 year in jail, 2 years probation, revoked on 1/28/00.

8. 1994, D.C. conviction for Felony Bench Warrant, for which he was sentenced to 1-5 years incarceration, execution of sentence suspended.

9. 2001, D.C. conviction for Fraud, for which he was sentenced to 5 years incarceration and 3 years of supervised release; and

10. 2003, North Carolina conviction for First Degree Fraud and First Degree Theft, for which he was sentenced to 5 years, on each of two counts, consecutive to any other sentence.

    Both the 2001 D.C. conviction for Fraud and the 2003 N.C. conviction for First Degree Fraud and First Degree Theft are within the 10 year time limit of Fed. R. Evid. 609(b). Should Mr. Campbell choose to testify at the trial in this case, the Government intends to impeach his credibility with these two convictions.

3. <u>Documents, Tangible Objects, and Photographs</u>

The government intends to offer into evidence a substantial volume of documents and records, copies of which are being provided to you and the originals of which are available for your inspection and review. Among these documents and records are:
- U.S. Individual Income Tax Returns, including false Forms W-2, and various franked envelopes;
- U.S. Treasury Checks;
- IRS Transcripts of taxpayer accounts;
- Refund Anticipation Loan (RAL) checks;
- D.C. Individual Income Tax Returns, including false Forms W-2;
- D.C. Treasury Income Tax Refund Checks;
- D.C. Transcripts of taxpayer accounts;
- Maryland Individual Income Tax Returns, including false Forms W-2;
- Maryland Treasury Checks;
- Maryland Transcripts of taxpayer accounts;
- Plea Agreements for the 4 unindicted co-conspirators;
- Bank records for the account of "George Dyson" at Bank of America;
- Bank records for the account of Keith Campbell at Sequoia National Bank and letter to bank;
- Filmdex photos of Campbell and Queen at University Liquors cashing checks;
- Photo of Queen posing as Hargrove and cashing check at Paradise Liquor Store;
- Campbell's lease file at Presidential Towers Condominium;
- Arrest photo of Keith Campbell, aka George Harry Dyson taken on April 2, 1001, and copies of two checks payable to "George Dyson" recovered in connection with case F-213501; video taped statement of Keith Campbell representing himself to be George Dyson and transcript of video taped statement; and related police reports.
- Photos of Chuck & Billy's Bar;
- Smith Corona Typewriter, Smith Corona H Correctable typewriter ribbon, stamped, "82477," and correction tape provided by Christine Jackson on 1/14/02;
    - UPS Next Day Air box containing Evidence Transmission envelopes for the typewriter ribbon and the correction tape;
- One-page report of Jeanne Dierich with 22-page transcript of the typewriter ribbon;
- Items recovered from Christine Jackson's trash on 1/13/01;
- Items from Christine Jackson's garage on 1/17/02;
- Summary Schedules sorted by unindicted, co-conspirator names and associated addresses;
- Master Summary Schedule reflecting all income tax returns, federal, D.C., and Maryland, at issue, including refund attempt and refund success amounts;
- 1999 U.S. Individual Income Tax Return for George Dyson; and
- Bank records for the account of Eleanor Pope at SunTrust Bank.

The government may also seek to use in its case-in-chief diagrams, charts, and summaries. These items will also be made available to you when they are completed.

4. Reports of Examinations and Tests

At present, the government anticipates the use of scientific evidence in its case-in-chief at trial. The government intends to present forensic evidence pertaining to the transcription of information recovered from a typewriter ribbon. Please note that this transcript is a mere printout of the characters appearing on the type writer ribbon. There was nothing "scientific" about the analysis of the ribbon.

5. <u>Brady or Other Disclosures</u>

The Government has noted your request for <u>Brady</u> and <u>Giglio</u> materials. Accordingly, the Government makes the following disclosures. Please note that some of this information may not technically fall within the mandated requirements for disclosure. However, in an abundance of caution, the Government is erring on the side of disclosure.

1. <u>Drug use by all Cooperating Co-conspirators</u>: All four cooperating, co-conspiratorial witnesses in this case: Joseph Queen, Robert North, Clarence Williams, and Eleanor Pope were, and possibly still are, controlled substance users. Queen, North, Williams, and Pope were all using heroin at the time of the relevant events in this case.

2. <u>Robert North</u>:

A. <u>Prior Convictions</u>: Mr. North has the following convictions which fall within the 10 year rule (within the latter of 10 years from the date of conviction or the date of release from prison) of Fed. R. Evid. 609(b)):

1. 1990, D.C. Assault with Intent to Rob (1 to 3 years) and Robbery of Senior Citizen (3 to 9 years);
2. 1996, MD Unlawful Possession of Credit Card Number and Attempted Theft;
3. 1997, D.C. Robbery;
4. 1997, D.C. Robbery Pick Pocket;
5. 1998, VA Attempted Petit Larceny;
6. 2000, MD Theft Under $300 Value;
7. 2004, VA, Obtaining Money by False Pretenses.

B. <u>Re-arrest during pendency of care</u>: After entry of his guilty plea in the instant case, Mr. North was arrested on October 21, 2004, for Robbery of a Senior Citizen (pick pocket). Although the re-arrest was a violation of the plea agreement, the Government did not seek to

cancel the plea agreement. As of this date, Mr. North has entered a guilty plea, but it is my understanding that he is in the process of moving to withdraw his plea.

      C. <u>Prior Inconsistent Statements</u>: When interviewed on May 31, 2001, North did not tell Postal Inspector Clark or IRS Special Agent Jones that he had lived with Shirley Loving.

      When North was interviewed by Postal Inspector Clark and IRS Special Agent Jones on May 31, 2001, he told them that Campbell paid him pretty well for work he had done for him and that he didn't pay much attention to the W-2 that Campbell gave him for his 1999 tax return. He claimed that the 1999 Preferred Temporary Services form may have been from Campbell's business. North admitted in subsequent testimony that when he spoke to the agents, he was attempting to justify the money. When he told the agents that he thought the W-2 reflected work he did for Campbell, he knew that was not true.

      D. <u>Motive to Curry Favor with the Government</u>: Mr. North entered into a plea agreement with the Government. A copy of that agreement is being provided to you. The agreement requires his cooperation in the instant case and a number of concessions were made by the Government in exchange for Mr. North's guilty plea. Among other things, the plea agreement provides that if Mr. North provides substantial assistance, he may ultimately seek a reduced sentence than that to which he might otherwise be sentenced by the court.

      3. <u>Eleanor Pope</u>:

      A. <u>Prior Inconsistent Statements</u>: When Ms. Pope was interviewed on March 15, 2001, by Agents Jones and Sadler, Pope stated that Campbell use to call her and ask if he had any mail, but she thought he was referring to information on his car. Pope claimed that her mailbox at the Fort Totten address was broken and that she had to have the landlord fix it.

      B. <u>Motive to Curry Favor with the Government</u>: Ms. Pope entered into a plea agreement with the Government. A copy of that agreement is being provided to you. The agreement requires her cooperation in the instant case and a number of concessions were made by the Government in exchange for Ms. Pope's guilty plea. Among other things, the plea agreement provides that if Ms. Pope provides substantial assistance, she may ultimately seek a reduced sentence than that to which she might otherwise be sentenced by the court.

      C. <u>Other</u>: Ms. Pope and Mr. Campbell were romantically involved for a period of time prior to the instant offense. Ms. Pope claims that there was a history of violence by Campbell against her while they were involved. According to Pope, she resumed an acquaintance with Campbell after seeing him on the train, at some point prior to the instant offense.

4. Clarence Williams:

A. Prior Convictions: Mr. Williams has the following convictions which fall within the 10 year rule (within the latter of 10 years from the date of conviction or the date of release from prison) of Fed. R. Evid. 609(b)):

1. 1991, Maryland conviction for Possession of Controlled Dangerous Substance with intent to Distribute.
2. 1999, Maryland conviction for Possession of Cocaine.
3. 2005, D.C. conviction for Conspiracy to Distribute a Controlled Substance.

B. Motive to Curry Favor with the Government: Mr. Williams entered into a plea agreement with the Government. A copy of that agreement is being provided to you. The agreement requires his cooperation in the instant case and a number of concessions were made by the Government in exchange for Mr. Williams' guilty plea. Among other things, the plea agreement provides that if Mr. Williams provides substantial assistance, he may ultimately seek a reduced sentence than that to which he might otherwise be sentenced by the court.

C. Other: After Mr. Williams obtained Erwin's and Bryant's (two of the "taxpayers") identifying information from them, they both had second thoughts and told Williams not to give their information to Mr. Campbell. However, Mr. Williams lied to them stating that he had already given Campbell the information. He thought that once the checks arrived, he could convince them to cash the checks.

5. Joseph Queen:

A. Prior Convictions: Mr. Queen has the following convictions which fall within the 10 year rule (within the latter of 10 years from the date of conviction or the date of release from prison) of Fed. R. Evid. 609(b)):

1. 1996, D.C. Bail Reform Act;
2. 1997, D.C. Attempted Robbery;
3. 2001, D.C. Attempted Robbery;
4. 2002, D.C. Possession of Drug Paraphernalia with Intent to Use; and
5. 2004, MD Theft over $500.00.

B. Re-arrest During Pendency of Case:

After entry of his guilty plea in the instant case, Mr. Queen was arrested on in Maryland on May 18, 2004. He was subsequently convicted of Theft over $500.00. Although the re-arrest was a violation of the plea agreement, the Government did not seek to cancel the plea agreement.

  C. <u>Motive to Curry Favor with the Government</u>:  Mr. Queen entered into a plea agreement with the Government.  A copy of that agreement is being provided to you.  The agreement requires his cooperation in the instant case and a number of concessions were made by the Government in exchange for Mr. Queen's guilty plea.  Among other things, the plea agreement provides that if Mr. Queen provides substantial assistance, he may ultimately seek a reduced sentence than that to which he might otherwise be sentenced by the court.

  6. <u>Christine Jackson</u>:

 You may want to talk to Christine Jackson concerning the recovery of evidence obtained from her; that is: the typewriter, her trash, and items recovered from her garage[1].  Christine Jackson's address is: 12009 Manchester Way, Bowie, Maryland.

 Please contact me if you would like to meet to view any original evidence or to discuss discovery further.

          Sincerely,
          KENNETH L. WAINSTEIN
          UNITED STATES ATTORNEY


     By:  _____
          SHERRI L. SCHORNSTEIN
          Assistant U.S. Attorney
          Fraud and Public Corruption Section
          (202) 514- 6956

enclosure

cc: Court File in 05-455(CKK)

---

[1] Ms. Jackson also consented to having agents examine her computer.  The agents retrieved certain files, none of which does the Government intend to use in its case-in-chief.  As previously indicated, if you want to examine those files, they are available for your review at my office.