## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **KEITH CAMPBELL a.k.a.** | : | **CR. NO.: 05-455(CKK)** |
| **"THE TAX MAN" a.k.a.** | : | |
| **GEORGE DYSON,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## GOVERNMENT'S MOTION IN OPPOSITION TO
## DEFENDANT'S MOTION FOR LAW LIBRARY ACCESS

The United States of America, by and through the United States Attorney for the District of Columbia, hereby responds in opposition to Defendant's Motion for Law Library Access. The Government's response consists of this pleading and such additional information and testimony as the court may require in a hearing on this matter.

## I. PROCEDURAL HISTORY

Defendant Campbell is charged in a sixteen-count Indictment with Conspiracy to Defraud the Government with Respect to Claims, in violation of 18 U.S.C. § 286; False Claims for Refund, in violation of 18 U.S.C. § 287; and First Degree Theft, in violation of 22 D.C. Code § 3211 and 3212(a). The charges stem from Defendant Campbell master-minding four conspiracies with other individuals to file hundreds of fraudulent federal, District of Columbia, and State of Maryland Income Tax Returns which contained false Form W-2 Wage and Tax Statements. The fraudulent tax returns grossly exaggerated wages or indicated employers for whom the listed tax payers had never in fact worked and withholding of taxes which had not, in

fact occurred.  In total, as alleged in the Indictment and as will be proven at trial through 404(b)

Evidence of Other Crimes, it is alleged that Defendant Campbell and his co-conspirators

attempted to defraud the IRS of $89,140.54 through the filing of 26 false returns; to defraud the

District of Columbia of $115,633.63 through the filing of 39 false returns, and to defraud the

State of Maryland, Comptroller of the Currency of $15,401.49, through the filing of 5 false

returns.

Defendant has moved this Court for an order directing the warden of the Central

Treatment Facility ("CTF") to provide Defendant access to the law library three times per week.

Defendant's motion should be denied.  Defendant Campbell has made no showing that he has

followed and exhausted the inmate administrative procedures.  In addition, the Government

submits that Defendant Campbell should be entitled to no less or greater access to the law library

than any other CTF inmate.

## II.  EVERY CTF INMATE IS GOVERNED BY THE RULES, REGULATIONS, AND POLICIES SET FORTH IN THE INMATE HANDBOOK.

Every inmate housed at CTF receives an Inmate Handbook ("the Handbook") delineating

the rules, regulations, and policies of that facility.  The Handbook specifically addresses access to

the law library and states:

> The U.S. Supreme Court allows prisoners to meet the access to courts
> requirement by providing access to law library materials.  CTF has a
> legal library for your use, which provides inmate access to legal
> documents, research, and documentation.   Inmates in general
> population will be escorted to the Law Library according to the units
> scheduled day and time.   Requests will only be received during
> normal library hours or when an inmate is in restricted custody.
> Inmates in Special Management units or status must fill out an Inmate
> Request Slip to receive access to legal materials.  For additional time
> to use the available law books, send an Inmate Request Slip to the

2

Librarian.

(Corrections Corporation of America Correctional Treatment Facility
Inmate Handbook, effective August 2004, at 13-14.)

Defendant's Motion fails to indicate whether he requested and was denied access to the law library.  If he was denied access, he fails to state what if any administrative remedies he has pursued.  While the Motion at bar pertains to a criminal matter, it is analogous to and effectively the equivalent of a civil complaint regarding prison conditions. Under civil law, even if Defendant had been denied law library access, the Prison Litigation Reform Act would require Defendant to first exhaust all administrative remedies.  42 U.S.C.§ 1997e (2000) ("No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").   In the civil arena, where a prisoner fails to exhaust administrative remedies for his grievances, the Court should dismiss the complaint without prejudice.  Jackson v. District of Columbia, 349 F.3d 270 (D.C. Cir. 2001).

Here, CTF has established administrative procedures for inmate grievances, which encourage informal resolution but also provide a formal grievance process.  Pages 14 and 15 of the CTF Handbook set forth the policies and procedures by which inmates can seek redress for their concerns.

Assuming, *arguendo*, that Defendant Campbell's requests cannot be resolved informally, the first step of the formal inmate grievance procedure requires that a completed grievance form be filed in  a locked box within seven days of an alleged incident.  This submission commences a

review process that will culminate in a written response to the inmate.  If the inmate finds this

response unsatisfactory, then the inmate may appeal to the Warden.  After the Warden issues the

inmate his written opinion, an inmate unsatisfied with the response may then appeal to the

Department of Corrections through the Contract Manager.  Following this step, if the inmate

finds the Contract Manager's response unsatisfactory, the inmate may then appeal to the Director

of the District of Columbia Department of Corrections.  (Corrections Corporation of America

Correctional Treatment Facility Inmate Handbook, effective August 2004, at 14-15.)

### III. <u>CONCLUSION</u>

CTF provides Defendant with informal and formal administrative grievance procedures to

redress his concerns.  Defendant's Motion fails to indicate whether he has requested and then

been denied access to the law library.  Furthermore, even if Defendant was denied access, the

Motion fails to indicate whether Defendant has commenced the informal or formal grievance

process, let alone whether he has exhausted its several levels of review.  Whereas CTF has

promulgated rules,  regulations, and policies governing the conduct of all inmates, Defendant

should be required to follow CTF's procedures if he is unhappy with the law library access he is

currently receiving.  He should not be permitted by this Court to circumvent the rules,

regulations, and policies of CTF.

WHEREFORE, for the reasons stated herein, the Government respectfully requests that the Court deny Defendant's Motion for Law Library Access.

Respectfully submitted,

KENNETH L. WAINSTEIN
D.C. Bar Number 451058
UNITED STATES ATTORNEY
FOR THE DISTRICT OF COLUMBIA

BY:    _____
SHERRI L. SCHORNSTEIN
D.C. Bar # 415219
Assistant U.S. Attorney
Fraud & Public Corruption Section

DATED: June 12, 2006

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Government's Motion in Opposition to Defendant's Motion for Law Library Access, was served on counsel for Defendant, Edward C. Sussman, Suite 900 - South Building, 601 Pennsylvania Ave., N.W., Washington, D.C. 20004, this 12th day of June, 2006, via the U.S. Mails and via facsimile transmission to (202) 347-1999.


_____
SHERRI L. SCHORNSTEIN
Assistant U.S. Attorney