

U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

**FILED**

July 26, 2006

**AUG - 7 2006**

Edward C. Sussman
Suite 900 - South Building
601 Pennsylvania Ave., N.W.
Washington, D.C. 20004

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

)5cr455

Re:    **UNTIED STATES v. KEITH CAMPBELL**

Dear Mr. Sussman:

This letter sets forth the Government's plea offer to your client, Keith Campbell. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. **This plea offer will expire at close of business on August 2, 2006.** To accept the offer, please fax the executed signature page to my attention at (202) 307-2304. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1. **Charges:** Mr. Campbell agrees to plead guilty to the following Counts of the Indictment: Count One, Conspiracy to Defraud the Government with Respect to Claims, in violation of Title 18, United States Code, Section 286 and Count Thirteen, Theft in the First Degree, in violation of 22 D.C. Code Section 3211. It is understood that the guilty plea will be based upon a factual admission of guilt to the offense charged to be made before the Court by Mr. Campbell and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Mr. Campbell agrees that the attached "Statement of the Offense" fairly and accurately describes Mr. Campbell's actions and involvement in the conspiracy. Prior to the Rule 11 plea hearing, Mr. Campbell agrees to adopt and sign the Statement of Facts as a written proffer of evidence. The government will move to dismiss the remaining counts of the Indictment at sentencing. Mr. Campbell agrees that the counts to be dismissed at the time of sentencing were based in fact and would not provide a basis for any future claims under the "Hyde Amendment," 28 U.S.C. § 2412, and thus, specifically agrees not to file any claim under that law.

2. **Potential penalties, assessments, and restitution**: Mr. Campbell understands that the maximum sentence that can be imposed pertaining to the charge of Conspiracy to Defraud the Government With Respect to Claims is 10 years imprisonment, a fine of $ $250,000.00, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a 3 -year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. The maximum sentence that can be imposed with respect to the charge of Theft in the First Degree is 10 years incarceration and a $5,000.00 fine. Notwithstanding the maximum sentence, Mr. Campbell understands that the sentence to be imposed in this case will be determined by the court, guided by the factors in 18 U.S.C. 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Guidelines Commission, Guidelines Manual (2002) (hereinafter "Sentencing Guidelines" of "U.S.S.G."). Mr. Campbell understands that the sentence, including the applicable sentencing guideline range, as further limited by paragraph 4 below, will be determined solely by the Court, and the government cannot and does not make any promises, representations or predictions regarding what sentence the Court will impose. Mr. Campbell further understands that if the Court imposes a sentence that is in any way unsatisfactory to him, he cannot move to withdraw his guilty plea.

3. **Federal Sentencing Guidelines**: The parties agree that the following Guideline Sections apply:

| Guideline Number | Description | Level |
|---|---|---|
| 2B1.1 | Offense: Conspiracy to Defraud the Government with Respect to Claims | 6 (base) |
| 2B1.1(b)(1)(G) | If the loss exceeds $5,000, increase per table. With agreed loss amount of $255,289.31 | 12 |
| 3B1.1 | Defendant was an organizer or leader of a criminal activity that involved 5 or more participants or was otherwise Extensive | 4 |
| 3E1.1(a) | Acceptance of Responsibility | -2 |
| 3E1.1(b)(2) | Timely notifying authorities of Intention to accept guilty plea | -1 |
| | Adjusted Offense Level | 19 |

Your client and this Office agree that a sentence within the sentencing range determined pursuant to the United States Sentencing Guidelines as set forth in this paragraph would be a reasonable sentence for your client in this case. In the event that this plea offer either is not accepted by Mr. Campbell or is accepted by Mr. Campbell but the guilty plea either is rejected by

the Court or subsequently withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4. **Maximum Sentence**: Pursuant to Rule 11(c)(1(C), the Court will impose a sentence of imprisonment of 36 months. The Government also agrees, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to present this condition of the plea agreement between the parties to the Court for its approval. If the Court accepts the 36-month maximum sentence agreed upon by the parties, then the Court will embody in the judgment and sentence the disposition provided for in this plea agreement, pursuant to Rule 11(c)(3) of the Federal Rules of Criminal Procedure. The parties understand, however, that, in light of other factors, the Court may not agree that such a maximum sentence is an appropriate one and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Mr. Campbell understands that, if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement and will afford him an opportunity to withdraw the plea, or if he persists in the guilty plea, will inform your client that a final disposition may be less favorable to him than that contemplated by this agreement. The parties understand that this sentence may be either higher or lower than the Federal Sentencing Guideline range as calculated by the United States Probation Office. Nevertheless, the parties agree that they will recommend to the Court that, pursuant to Federal Sentencing Guidelines Section 6B1.2(c)(2), there are justifiable reasons for the Court to accept the agreed-upon maximum sentence.

5. **Financial Arrangements**: Mr. Campbell agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court, a certified check in the amount of $100.00, to cover the special assessment, as required in Title 18, United States Code, Section 3013. Mr. Campbell also agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

6. **Restitution**: Mr. Campbell agrees to make restitution to the Internal Revenue Service in the amount of $109,737.30, to the D.C. Office of Tax and Revenue, Collection Division, in the amount of $ 141,329.72, and to the State of Maryland, Comptroller of the Currency, in the amount of $27,248.62.

7. **Government Concessions**: In exchange for his guilty plea, the government agrees not to oppose a 3-level adjustment for acceptance of responsibility pursuant to U.S. Sentencing Guidelines, Section 3E1.1(a) and (b)(2) and agrees to defer to the court on the issue of Mr. Campbell's release pending sentencing. Mr. Campbell and the Government agree that the sentence in this case should be determined by the sentence calculated pursuant to the U.S. Sentencing Guidelines applicable to the federal offenses, as reflected in paragraph 3, supra., and as further limited by paragraph 4, provided that Mr. Campbell continues to show his acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court. Also, subject to other paragraphs in this agreement, the United States will not bring any additional criminal charges against Mr. Campbell in the United States District Court in the

3

District of Columbia or the Superior Court of the District of Columbia related to the facts set forth in the Statement of Facts filed in connection with this case. This agreement not to prosecute Mr. Campbell does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. §16 and D.C. § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Mr. Campbell.

8. **Reservation of Allocution**: The United States reserves allocution, including, among other things, the right:  to inform the presentence report writer of any relevant facts; to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Mr. Campbell's criminal activities, subject to the provisions of the following paragraph. In addition, Mr. Campbell acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines nor any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

9. **Court is Not Bound**: Mr. Campbell understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding his bond status or detention will be made by the Court at the time of his plea of guilty. The Court's decision in these regards are not grounds for withdrawal from this agreement.

10. **Breach of Agreement**: If Mr. Campbell fails to make a complete, truthful, and candid disclosure of information to the Court, and/or if he commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. If during this investigation or prosecution Mr. Campbell should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the United States may prosecute him for these offenses to the fullest extent provided by law.  In the event of a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mr. Campbell's release (for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Mr. Campbell will not have the right to withdraw the guilty plea; (c) Mr. Campbell shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against Mr. Campbell, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this cooperation agreement. Mr. Campbell waives any right to claim that evidence presented in such prosecution is tainted by virtue of the statements he has made.

11. In the event of dispute as to whether Mr. Campbell has knowingly committed any material breach of this agreement, and if the United States wants to exercise its rights under this agreement, and if Mr. Campbell so requests, the matter shall be submitted to the Court and shall be determined by the Court in an appropriate proceeding at which the United States shall have the burden to establish the same by a preponderance of the evidence.

12. **USAO's Criminal Division Bound**: Mr. Campbell understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax or administrative claim pending or that may be made against Mr. Campbell.

13. **Complete Agreement**: No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Campbell, Mr. Campbell's counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mr. Campbell may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Mr. Campbell and his counsel.

Sincerely yours,

KENNETH L. WAINSTEIN.
UNITED STATES ATTORNEY

By:
SHERRI L. SCHORNSTEIN
Assistant United States Attorney

## DEFENDANT'S ACKNOWLEDGMENT

I have read this plea agreement and have discussed it with my attorney, Joseph McCarthy, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in paragraph one.

5

I reaffirm that absolutely no promises, agreements, understandings or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: _8-7-0_____

_____
Keith Campbell
Defendant

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: _8-7-06_____

_____
Edward C. Sussman, Esquire
Attorney for the Defendant