UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA             :

         v.                                 :    CR. NO. 05-455-01 (CKK)

KEITH CAMPBELL                       :

### DEFENDANT'S REQUEST FOR RELEASE PENDING SENTENCING

The defendant, through undersigned counsel, pursuant to the Federal Rules of Criminal Procedure, and 18 U.S.C. §3143, respectfully requests that this honorable court fashion conditions of release for the defendant pending sentencing in this matter. In support of his request, the defendant states the following:

    1. On August 7, 2006, pursuant to a written plea agreement, the defendant entered a plea of guilty to one count of violating 18 U.S.C. §286, and one count of violating 22 D.C. Code §1322, the D.C. Code theft statute, in connection with a scheme to request and obtain federal and D.C. tax refunds that were not merited. Sentencing is presently set for November 15, 2006. Under its terms, the plea agreement -if accepted by the court- would require the imposition of a 36 month sentence.

    2. The defendant is presently completing a five year sentence that was imposed in the D.C. Superior Court. His release date in that matter is August 21, 2006. Because his bond situation in this matter has been academic until now, there has been no previous request for release in this matter. Under the terms of the plea agreement, *the government is taking no position on the question of bond, but will defer to the court.*

    3. The defendant would request that he be released under relatively stringent release

conditions that would require that he abide by a curfew, report to the Pretrial Services Agency, and submit to regular drug testing. He believes that such conditions would assure reappearance and provide for the safety of the community.

4. Mr. Campbell is 54 years of age and has been a lifetime resident of the District of Columbia. Clearly, he has a significant criminal history involving numerous check and fraud offenses. Significantly, it has been more than 34 years since the defendant, then 20 years of age, was convicted of any violent offense. His record reveals no Bail Reform Act violations and the successful completion of a number of periods of probation. His criminal history is clearly indicative of an individual with a history of drug abuse and the need to fund his drug habit. Five years of incarceration and declining health would almost certainly curtail any future drug use.

5. By virtue of his plea agreement, Mr. Campbell has significantly reduced his exposure on the tax charges and has substantially diminished any incentive to flee. It should be noted that upon his release on his current sentence, he will be on supervised release in Superior Court and will be under further scrutiny. Any failure to appear of comply with those release conditions would have significant consequences in that matter as well.

6. The PSA has verified that the defendant can reside at 12009 Manchester Way, Bowie, MD. It should be noted that prior to his indictment in this matter, the defendant was serving his present sentence in a minimum security facility at Morgantown, WVA. He was scheduled to be transferred to a halfway house at the time this indictment was issued. The pending charge affected his security level and made halfway house placement impossible.

7. It is important to note that the defendant has significant health concerns that could be best addressed in the community. He is diabetic and has been diagnosed with Hepatitis C. His

blood sugar has spiked to unacceptable levels and the correctional authorities have not been very quick to respond.  Recently, a liver biopsy was conducted in order to determine the extent of liver damage occasioned by his long term hepatitis.  While that test was done in mid-July, the result has not yet been forwarded to the Central Treatment Facility.  It is counsel's understanding that the contract health provider at that institution is in the process of being replaced and, for that reason, health services have substantially deteriorated. Given the uncertainty surrounding Mr. Campbell's health, it would seem both fair and appropriate to permit his release so that these concerns can be addressed in the community.

    8. In reaching a plea agreement with the government, the defendant has obtained the resolution that he sought in this matter. He has substantially reduced the potential consequences and, for that reason, reduced any incentive to flee.  For the reasons stated, he believes that this court can and should release him under the suggested conditions.

    WHEREFORE, for the foregoing   reasons, the defendant respectfully requests that the be released under the conditions suggested in this motion.

Respectfully submitted,

_____
Edward C. Sussman, No. 174623
Suite 900 - South Building
601 Pennsylvania Avenue N.W.
Washington, D.C.. 20004
(202) 737-7110

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a copy of the foregoing was served by electronic filing on all all interested parties.

_____
Edward C. Sussman