UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   v.<br><br>KEITH A. CAMPBELL,<br><br>   Defendant. | Criminal No. 05–455 (CKK) |

**MEMORANDUM OPINION**
(August 29, 2006)

Presently before the Court is [22] Defendant's Request for Release Pending Sentencing. The Government, "[under the terms of the plea agreement, . . . is taking no position on the question of bond, but will defer to the court." Mot. Release at 1 (emphasis in original). Based on Defendant's filing, the accepted [21] Plea Offer and [20] Statement of the Offense, the Pretrial Services Report dated August 9, 2006, and the relevant statutes and case law, the Court shall DENY [22] Defendant's Request for Release Pending Sentencing.

**I.  BACKGROUND**

Defendant, Keith A. Campbell, aka "George Dyson," aka "The Tax Man," was charged on December 22, 2005, with a sixteen-count indictment encompassing various charges related to the filing of fraudulent tax returns. *See* [3] Indictment. On August 7, 2006, Defendant entered a Guilty Plea before the Court pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Pursuant to the [21] Plea Agreement, Defendant pleaded guilty to Count One, Conspiracy to Defraud the Government with Respect to Claims, in violation of Title 18, United States Code, Section 286, and Count Thirteen, Theft in the First Degree, in violation of 22 D.C. Code Section 3211. [21] Plea Agreement at 1. The plea was entered pursuant to Rule

11(c)(1)(C), and the government and the Defendant have agreed to a 36-month sentence. Once the Court has reviewed the Presentencing Report, the Court will indicate whether it will be bound by that sentence. Defendant also signed a [20] Statement of the Offense, in which he agreed that "[h]ad this case proceeded to trial, the United States would have established the following facts beyond a reasonable doubt[.]" The Statement of the Offense indicates that Defendant and other individuals "would enrich themselves and obtain money to purchase heroin by negotiating the U.S. Treasury checks, RAL checks, and District of Columbia and Maryland government checks generated by filing fraudulent federal, District of Columbia, and Maryland income tax returns." Statement at 3. Furthermore,

> [i]n order to further the conspiracy, KEITH CAMPBELL, the leader and organizer of the criminal enterprise used the following means, among others: he recruited and solicited individuals to participate in the scheme to obtain fraudulent tax refunds by promising them a fee or a certain amount of money; he created for and provided to the co-conspirators false Forms W-2 reflecting employers for whom the co-conspirators had never worked, reflecting wages he or she had not received, and reflecting withholding of federal and state taxes that had never occurred or falsely overstating that information pertaining to an employer for whom the co-conspirators had worked; he prepared the fraudulent tax returns himself or directed the co-conspirators to certain legitimate tax return preparers, and instructed the co-conspirators to request RAL checks from the tax return preparers; he split proceeds of the fraudulently obtained tax refunds with the co-conspirators; he paid a fee to those co-conspirators who agreed to have the false tax refund checks mailed to his or her residence or to an address to which he or she had access to the mail; he filed fraudulent tax returns in his own name using the same modus operandi; he assumed the identity of one George Dyson, Jr. to open a bank account and to file fraudulent income tax returns in that name; and he used the identifying information of co-conspirators who had previously provided him with that information to prepare a false tax return for a certain earlier tax year, in subsequent tax years for the purpose of obtaining additional fraudulent tax refunds.

Statement at 3–4.

The Pretrial Services Report prepared on August 9, 2006, indicates that Defendant has an extensive criminal history, including numerous prior convictions for theft and fraud, as well as

older convictions for violent crimes from 1984 and 1985.  The Pretrial Services Report further indicates that Defendant suffers from diabetes, high blood pressure, and asthma.  Pretrial Service Report at 7.

In Defendant's Request for Release, Defendant requests release under "relatively stringent release conditions that would require that he abide by a curfew, report to the Pretrial Services Agency, and submit to regular drug testing."  Mot. Release at 1–2.  Defendant admits to having a "significant criminal history" but points to the length of time since he has been convicted of a violent offense.  *Id.* at 2.  Defendant further indicates that he would be subject to supervised release conditions imposed by D.C. Superior Court with respect to another sentence.  Finally, Defendant notes that diabetes and a diagnosis of Hepatitis C support Defendant's request for release such that Defendant can seek treatment outside of the Central Treatment Facility.  *Id.* at 2–3.

## II.  LEGAL STANDARD

Since Defendant has been convicted via guilty plea but is awaiting sentencing, 18 U.S.C. § 3143(a) governs Defendant's request.  The statute provides that a court shall detain a convicted person pending sentencing "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)."  18 U.S.C. § 3143(a)(1).  The statute therefore places upon Defendant a high burden to establish by clear and convincing evidence that he poses no danger to the safety of others or the community and that he will not flee if released. While 18 U.S.C. § 3142 governs pretrial release as opposed to release after conviction pending sentencing, the Court may look to factors iterated in 18 U.S.C. § 3142(g) to determine whether a

Defendant subject to 18 U.S.C. § 3143 is not likely to flee or pose a danger to the safety of any other person or the community. *See United States v. Vance*, 851 F.2d 166, 169–70 (6th Cir. 1988); *United States v. Majors*, 932 F. Supp. 853, 855 (E.D. Tex. 1996). These factors include the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

### III.  DISCUSSION

Applying the above factors, the Court finds that Defendant cannot establish by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community. The nature and circumstances of the offense as iterated in the signed Statement of the Offense reveal that Defendant was a leader and organizer of a complex, multi-individual tax fraud scheme perpetuated to "enrich [himself] and obtain money to purchase heroin." Statement at 3–4. Since Defendant pleaded guilty in the instant case, the weight of evidence against the Defendant clearly is not at issue.

Factors to be considered in evaluating the history and characteristics of a defendant include: "(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." 18 U.S.C. § 3142(g)(3). In the

instant case, Defendant's extensive criminal history as set forth in the Pretrial Services Report (including the First Degree Fraud and Theft convictions for which he completed serving time on August 21, 2006), the finding in this case that his participation in the instant scheme was at least in part to facilitate the purchase of heroin, the disruption of any ties he has to the community by virtue of his multiple prison sentences (including the sentence he most recently served at a facility in West Virginia), his proposed residence outside of this jurisdiction in Bowie, Maryland, the length of the sentence that Defendant may face in this case (36 months), and the release conditions with which Defendant must comply related to his recently completed sentence all weigh in favor of the likelihood that Defendant would flee, health conditions notwithstanding.

Finally, as conceded in Defendant's [22] Motion, Defendant has a lengthy criminal history which is "indicative of an individual with a history of drug abuse and the need to fund his drug habit," see Mot. Release at 5, and as such the Court is further dissuaded from determining that Defendant would not be a danger to the community if released.

### IV.  CONCLUSION

Based on the aforementioned reasoning, the Court shall DENY [22] Defendant's Request for Release Pending Sentencing.  An appropriate Order accompanies this Memorandum Opinion.

Date:   August 29, 2006

>             /s/
> COLLEEN KOLLAR-KOTELLY
> United States District Judge