UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA            :

        v.                                   :    CR. NO. 05-455-01 (CKK)

KEITH CAMPBELL                       :

<u>DEFENDANT'S AMENDED REQUEST FOR RELEASE PENDING SENTENCING</u>

      The defendant, through undersigned counsel, pursuant to the Federal Rules of Criminal Procedure, and 18 U.S.C. §3143, respectfully renews his prior request for release pending sentencing. In support of that request, the defendant states the following:

      1. Following his August 7, 2006 plea of guilty to one count of violating 18 U.S.C. §286, and one count of violating 22 D.C. Code §1322, the D.C. Code theft statute, the defendant requested that he be released pending sentencing. Sentencing is presently set for November 30, 2006. Under its terms, the plea agreement -if accepted by the court- would require the imposition of a 36 month sentence.

      2. Shortly after the defendant's plea, he sought release pending sentencing. That request was denied by this court. Based on changed circumstances, the defendant would now renew his request.

      3. As the court may recall, the defendant has health issues involving diabetes and hepatitis "c." Prior to the entry of the plea, a specialist had recommended that Mr. Campbell receive a liver biopsy to ascertain the extent of damage that had occurred. That procedure was done at Greater Southeast Hospital. However, it took approximately two months for the results to be returned to the jail and receive the attention of the medical staff. Mr. Campbell was informed

that the test had revealed significant liver damage. Such damage cannot be reversed, but -with appropriate care- further damage might well be prevented. Mr. Campbell was informed that the general treatment for his condition, a combination of rivavirin and interferon was too expensive to be administered by jail medical authorities.[1] Counsel contacted the Department of Corrections General Counsel and reported this information. Shortly thereafter, the medical chief of the jail called counsel to explain that there must have been some misunderstanding and that such treatment would be immediately initiated.

    4. While such a treatment has been started, the effectiveness of the protocol is uncertain. Side effects frequently surface which requires is discontinuation. A patient must be carefully monitored and such scrutiny seems well beyond the ability of CTF personnel. Further, research has indicated that the treatment is not the most up to date of the medical approaches to the condition and is frequently used in combination with other therapies. See webmd.com/content/article/84/98120.htm. It appears that effective treatment requires monitoring and a combination of therapies.

    5. Candidly, the medical needs of the defendant seem outside the competence of the available medical resources. Similarly, it should be recognized that federal prisoners, when they are finally transported from the jail to their eventual destination, tend to spend lengthy periods in a Ohio facility run by the Corrections Corporation of America, the same organization that runs the CTF. The Maryland Federal Defender has recently visited that facility and reported the gross inadequacies in the treatment of federally designated prisoners. Strangely enough, these

---

[1] The defendant is actually housed at the Central Treatment Facility, but the same health provider serves both CTF and the jail.

problems occur at the same time that the Corrections Corporation of America has announced a 45% increase in gross profit.

      6. Mr. Campbell is 54 years of age and has been a lifetime resident of the District of Columbia.  While he has a substantial criminal history, he also has periods of employment and abstinence from drug use. His health makes further involvement with drugs almost suicidal.  A longtime friend, Ms. Christine Jackson, a Maryland realtor, who resides at 12009 Manchester Way, Bowie MD, has indicated that she is willing to allow the defendant to reside in her home and will serve as a third party custodian. Counsel has spoken to Ms. Jackson on numerous occasions and can assure that she is a "no nonsense" type who while willing to help Mr. Campbell, will not indulge any excess.   Access to community medical services is even more important than previously believed. Such access will allow the defendant to explore treatment options and permit him the best chance to avoid further liver damage.

      7. By virtue of his plea agreement, Mr. Campbell has significantly reduced his exposure on the tax charges and has substantially diminished any incentive to flee.  The most important issue confronting him is one of health.  At this point, only a community setting can permit the type of flexibility that finding the right combination of medications require.

      8. The defendant reminds the court that the government, as part of the plea bargain, has agreed to take no position on the issue of release. in the community.

      WHEREFORE, for the foregoing   reasons, the defendant respectfully requests that the be released under the conditions suggested in this motion.

        Respectfully submitted,

        _____
        Edward C. Sussman, No. 174623
        Suite 900 - South Building
        601 Pennsylvania Avenue N.W.
        Washington, D.C.. 20004
        (202) 737-7110

### CERTIFICATE OF SERVICE

 I HEREBY CERTIFY THAT a copy of the foregoing was served by electronic filing on all all interested parties, this 21st day of October, 2006.
.

        _____
        Edward C. Sussman