UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 05-455 (CKK) |
| : | |
| KEITH CAMPBELL, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, submits the following memorandum in aid of sentencing in the above-captioned case. For the reasons set forth herein, the government respectfully requests that the Court impose a sentence in accordance with the terms of the plea agreement in this case.

**I.    BACKGROUND**

On August 7, 2006, defendant Campbell pleaded guilty to Counts 1 and 13 of the Indictment in this case, which charged Conspiracy to Defraud the Government with Respect to Claims, in violation of 18 U.S.C. § 286 and First Degree Theft, Aiding and Abetting, in violation of 22-D.C. Code § 32–, 3212(a), and 1805. During his plea colloquy, Defendant Campbell admitted that he masterminded a scheme to recruit individuals to file false federal, District of Columbia, and State of Maryland income tax returns in order to get income tax refunds to which they were not entitled. In total, Defendant Campbell and his co-conspirators attempted to defraud the IRS of $109,737.30, to defraud the District of Columbia of $141,329.72, and to defraud the State of Maryland, Comptroller of the Currency of $24,248.62 through the filing of numerous false returns. Count 13 of the Indictment concerns the negotiation of a check issued by the District of Columbia for a tax refund which was part of the larger conspiracy case.

Defendant Campbell was charged by Indictment with conspiring in four separate conspiracies with four unindicted co-conspirators. Each of the four conspiracies operated in essentially the same manner. Defendant Campbell solicited each of the co-conspirators, all of whom were heroin addicts desperate for money to buy more drugs to support their habit, to file false federal, District of Columbia, and State of Maryland individual income tax returns thereby generating fraudulent income tax refunds. Some of the tax returns were done in the true names of the co-conspirators, but with false Forms W-2, Wage and Tax Statements, in support thereof. The W-2 Forms were false in that the named taxpayer either never worked for the company listed on the W-2 or worked at the company but actually made wage income and had attendant withholding of taxes far below that claimed on the false tax return. In addition to filing false returns in their own names, each of the co-conspirators agreed to allow Defendant Campbell to use their home address or addresses over which they had control or access to the mail so that Defendant Campbell could direct other fraudulent tax refunds in other third-party "taxpayer" names. These false returns included true name false returns in the name of Keith Campbell and in his alias identity, "George Dyson." Campbell split the proceeds of each scheme with his co-conspirators and where applicable, with the other person whose name appeared on the tax return. In total, Campbell and his co-conspirators filed 82 federal, District of Columbia, and Maryland false tax returns, claiming $253,290.21 in refunds. They were successful in obtaining $156,736.80 in refunds.

## II.     SENTENCING CALCULATION

   A.     Statutory Maximum

Defendant pled guilty to one count of Conspiracy to Defraud the Government with Respect to Claims, in violation of 18 U.S.C. § 286 and First Degree Theft, Aiding and Abetting, in violation of 22-D.C. Code § 32–, 3212(a), and 1805.  The maximum sentence for the federal offense is 10 years imprisonment, a fine of $ $250,000.00, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a 3 -year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.  The maximum sentence that can be imposed with respect to the charge of Theft in the First Degree is 10 years incarceration and a $5,000.00 fine.

   B.     Sentencing Guideline Calculation

The parties agree to the Guidelines calculations utilized in the Presentence Report ("PSR"), which correctly calculate defendant's total offense level at 22.  See PSR ¶ 39. Pursuant to the plea agreement, the government agreed not to oppose a two point reduction for acceptance of responsibility, and a one point reduction for timely notifying the authorities of his intention to plead guilty which yields an adjusted offense level of 19.  See PRS ¶ 42.  The PSR also correctly lists defendant's criminal history as Category III.  See PSR ¶ 57.  Therefore, the guideline range for defendant is correctly calculated in the PSR as 37 to 46 months.  See PSR ¶ 124.  However, as a term of the plea agreement in this case, if accepted by this court, the parties have a greed on a sentence of 36 months incarceration pursuant to Fed R. Crim Pro. 11(c)(1)(C).

    C.    <u>Restitution</u>

As part of thee plea agreement, Defendant Campbell agreed to make restitution to the Internal Revenue Service in the amount of $109,737.30, to the D.C. Office of Tax and Revenue, Collection Division, in the amount of $ 141,329.72, and to the State of Maryland, Comptroller of the Currency, in the amount of $27,248.62.

    D.    <u>Prior Criminal History</u>

Defendant has a criminal history score of six points. <u>See</u> PSR ¶ 57. Defendant has nine prior convictions, dating back to 1978. <u>See</u> PSR ¶¶ 44-53.

## III.   JUSTIFIABLE REASONS FOR ACCEPTANCE OF THE PLEA AGREEMENT

Although the Court has "absolute discretion" to accept pleas pursuant to Fed. R. Crim. Pro. 11(c)(1)(C) under the decision in <u>United States v. Goodall</u>, 236 F.3d 700 (D.C. Cir. 2001)(citation and emphasis omitted), the government believes the following factors constitute justifiable reasons for accepting a plea of guilty in this case pursuant to Sentencing Guideline §6B1.2(c):

    1.    As the Court is aware, Defendant Campbell has several very significant health issues which negatively affect his life expectancy.

    2.    The parties in this matter labored under the mistaken belief that Defendant Campbell had been offered a universal plea offer, years ago, encompassing the current case and the Superior Court case for which he is serving a 5-year sentence. Had such a plea offer been extended, it is likely that the resolution would have approximated the resolution proposed in this case.

IV. **CONCLUSION**

Defendant is facing 36 months incarceration pursuant to the terms of the plea agreement in this case. Pursuant to the advisory Federal Sentencing Guidelines, Defendant Campbell would have faced a period of incarceration of 37- 46 months . The government submits that it would be reasonable for the Court to accept the plea agreement and sentence Defendant Campbell to the prison term specified.

Respectfully submitted,
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

_____/s/_____
SHERRI L. SCHORNSTEIN.
D.C. Bar # 415219
Assistant U.S. Attorney
Fraud & Public Corruption Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-6956

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Government's Memorandum in Aid of Sentencing, was served on counsel for Defendant, Edward C. Sussman, Suite 900 - South Building, 601 Pennsylvania Ave., N.W., Washington, D.C. 20004, this __17__, day of November 2006, via the U.S. Mails and via facsimile transmission to (202) 347-1999.

SHERRI L. SCHORNSTEIN
Assistant U.S. Attorney