UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          :

        v.          :   CR. NO. 05-455-01 (CKK)

KEITH CAMPBELL          :

DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

    The defendant, through undersigned counsel, pursuant to the Federal Rules of Criminal Procedure, respectfully files the following memorandum with regard to the sentencing proceeding currently scheduled for December 4, 2006.

    1. Keith Campbell has entered guilty pleas to one count of violating 18 U.S.C. §286, and one count of violating 22 D.C. Code §1322, the D.C. Code theft statute. As the court is well aware the plea stemmed from a multi-defendant scheme to obtain fraudulent state and federal tax refunds between 2000 and 2001. While the agreement, which entails a "capped plea," pursuant to F.R..Cr.P. 11© )(1)©) , has not yet been formally accepted by the court, this memorandum has been drafted with the belief that it will ratified by the court.[1]

    2. As the court is well aware, the defendant entered his guilty plea while still under a prior sentence from the D.C. Superior Court. That sentence expired on approximately August 29, 2006. The defendant has been held without bond since his arraignment on February 28, 2006. The defendant would respectfully request that, for the reasons that follow, his federal sentence be

---

[1] The government, following the plea, and again in its sentencing memorandum, has clearly indicated the basis behind the agreement and the reasons why it should be accepted. The defendant clearly agrees with the government and believes that the agreement should be accepted.

run concurrently with his previous Superior Court matter.

    3. The Presentence Report indicates that the defendant has a lengthy criminal record. Clearly, the defendant is not a violent offender and his record bespeaks of his longtime drug use and his need to support that habit. At the age of 55, the defendant is faced with a health situation (diabetes, hepatitis, hypertension, and liver damage) that would make further drug use virtually suicidal. Doubtless, his health situation will have a significant effect on his longevity.

    4. Because of difficulties with the mail, and counsel's trial schedule, review of the presentence report by the defendant has been somewhat delayed. Counsel has just recently submitted to the probation office Mr. Campbell's dispute of many matters relating to his criminal history. Even if these disputes cannot be resolved before sentencing, counsel sees no reason why the court should not proceed. Given the complexity of the defendant's record, it is not surprising that there would be issues regarding the interpretation of his record. Counsel does not believe that it will significantly change the court's review of the plea agreement or the Bureau of Prison's placement of Mr. Campbell.[2]

    5. Counsel believes that concurrent time is appropriate for a number of reasons. First, the defendant's health condition has made his incarceration at the Central Treatment Facility extremely burdensome. Counsel was required to intervene to insure that the defendant received the combination of rivavirin and interferon that is given for his liver condition. Recently, counsel was required to contact the General Counsel at the Department of Corrections because Mr. Campbell reported that he has not been getting his medication. Dietary problems, combined with

---

[2]The defendant was "writted" back from the federal system for this prosecution. From the BOP's perspective, the only thing that has changed in the instant conviction.

an inability to exercise, have caused his blood sugar levels to spike and have resulted in additional symptoms. Additionally, counsel has consulted with physicians who indicate that the present treatment regimen provided at CTF may well be below the state of the art. It should be noted that there was a recent change in health providers at the Jail and that the transfer was far from seamless. Health care is now provided by Unity, the medicaid provider in the District of Columbia. Given the problems of medicaid patients in receiving appropriate care, one can well imagine that incarcerated patients face increased problems.

    6. Additionally, at the time of his indictment in this case, the defendant had been scheduled to be placed in a halfway house. When the BOP learned of a new charge, it cancelled the defendant's halfway house placement and raised his security level. Consequently, by virtue of this charge, the defendant's previous sentence was, in effect, enhanced. Imposing concurrent time would, in counsel's opinion, serve to compensate Mr. Campbell for a loss that is a direct and unintended product of this prosecution.

    WHEREFORE, for the foregoing reasons, the defendant respectfully requests that he be sentenced in the manner suggested in this memorandum.

Respectfully submitted,

_____
Edward C. Sussman, No. 174623
Suite 900 - South Building
601 Pennsylvania Avenue N.W.
Washington, D.C.. 20004
(202) 737-7110

3

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a copy of the foregoing was served by electronic filing on all interested parties, this 24th day of November, 2006.

.

_____
Edward C. Sussman