UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | |
| KEITH CAMPBELL a.k.a. : | CR. NO.: 05-455(CKK) |
| "THE TAX MAN" a.k.a. : | Sentencing: December 11, 2006 |
| GEORGE DYSON, : | |
| : | |
| Defendant. : | |
| : | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
FOR A CONCURRENT SENTENCE

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby submits this Opposition to Defendant's Motion for a Concurrent Sentence.  In support of its response, the United States relies on the following points and authorities:

**I.     INTRODUCTION**

On August 7, 2006, defendant Campbell pleaded guilty to Counts 1 and 13 of the Indictment in this case, which charge Conspiracy to Defraud the Government with Respect to Claims, in violation of 18 U.S.C. § 286 and First Degree Theft, Aiding and Abetting, in violation of 22-D.C. Code § 32–, 3212(a), and 1805.  The written plea agreement provides for a determinate sentence, in accordance with Rule 11(c)(1)(C), Fed. R. Crim. Pro., of 36 months incarceration.  During his plea colloquy, Defendant Campbell admitted that he masterminded a scheme to recruit individuals to file false federal, District of Columbia, and State of Maryland income tax returns in order to get income tax refunds to which they were not entitled.  In total, Defendant Campbell and his co-conspirators attempted to defraud the IRS of $109,737.30, to defraud the District of Columbia of

$141,329.72, and to defraud the State of Maryland, Comptroller of the Currency of $24,248.62 through the filing of numerous false returns. Count 13 of the Indictment concerns the negotiation of a check issued by the District of Columbia for a tax refund which was part of the larger conspiracy case.

The Indictment in this case charged Keith Campbell, also known as "The Tax Man" and as George Dyson, with Conspiracy to Defraud the Government with Respect to claims, False Claims for Refund, and First Degree Theft. Defendant Campbell was charged with conspiring, from February, 2000, until April, 2001, in four separate conspiracies with four unindicted co-conspirators. Each of the four conspiracies operated in essentially the same manner. Defendant Campbell solicited each of the co-conspirators, all of whom were heroin addicts desperate for money to buy more drugs to support their habit, to file false federal, District of Columbia, and State of Maryland individual income tax returns thereby generating fraudulent income tax refunds. Some of the tax returns were done in the true names of the co-conspirators, but with false Forms W-2, Wage and Tax Statements, in support thereof. The W-2 Forms were false in that the named taxpayer either never worked for the company listed on the W-2 or worked at the company but actually made wage income and had attendant withholding of taxes far below that claimed on the false tax return. In addition to filing false returns in their own names, each of the co-conspirators agreed to allow Defendant Campbell to use their home address or addresses over which they had control or access to the mail so that Defendant Campbell could direct other fraudulent tax refunds in other third-party "taxpayer" names. These false returns included true name false returns in the name of Keith Campbell and in his alias identity, "George Dyson." Campbell split the proceeds of each scheme with his co-conspirators and where applicable, with the other person whose name appeared on the tax return. In total, Campbell and his co-

conspirators filed 82 federal, District of Columbia, and Maryland false tax returns, claiming $253,290.21 in refunds. They were successful in obtaining $156,736.80 in refunds.

On April 2, 2001, in a completely unrelated case, Defendant Campbell was arrested for Uttering by the D.C. Metropolitan Police Department. That matter involved the allegation that Defendant Campbell, using the name, "George Dyson" had forged and uttered checks with the payee name, "George Dyson." When he was arrested, Defendant Campbell gave the name,"George Dyson" and presented identification in the name of George Dyson, but bearing Defendant Keith C. Campbell's likeness. He also gave a videotaped statement in connection with that case. During the interview, Defendant Campbell indicated that the name on the checks was his name, that is, "George Dyson." Subsequently, Defendant Campbell entered a guilty plea to the charges of Fraud and First Degree Theft in connection with that case, 2001-F-2135. He was sentenced to 5 years incarceration on each count, to run consecutive to each other. Thereafter, the D.C. Court of Appeals vacated the sentence as to one of the counts, leaving Defendant Campbell with a 5 year jail sentence. The sentence expired on August 21, 2006. Copies of the arrest report, P.D. 163; a typed statement of Detective Gregory Sullivan; a sworn affidavit of Detective Thomas Jefferson, and Wingates LLC - Security Account checks numbered 1115 and1117 are at Attachment No. 1

At the sentencing hearing held in this case on December 4, 2006, Defendant Campbell personally addressed the court. Defendant now contends that this court should sentence him in the instant case to the 36 month agreed upon sentence, but that the court should order that sentence to run concurrent to the sentence in the Superior Court Case. The court requested that the Government respond the following issues: 1. Whether U.S.S.G. § 5G1.3(b) applies to this case; and 2. Whether the court could impose a sentence in the instant case concurrent with the D.C. Superior Court case,

and if so whether that should run from the date Defendant Campbell became incarcerated in this case, February 28, 2006, or from the date he became incarcerated in the Superior Court case, November 12, 2002.

The Defendant's motion is baseless and should be denied.

**II.     THE SUPERIOR COURT CASE IS NOT "RELEVANT CONDUCT" AS TO THE CASE AT BAR AND THEREFORE, U.S.S.G. § 5G1.3(b) DOES NOT APPLY**

U.S. Sentencing Guideline, § 5G1.3, titled, "Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment." Subsection (b) provides:

> If subsection (a) does not apply, and a term of imprisonment resulted from another offense *that is relevant conduct to the offense of conviction* under the provision of subsections (a)(1), (a)(2) or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>
> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment. (U.S.S.G. § 5G1.3)

Here, the Superior Court case is completely unrelated to the case at bar. The present case is a tax fraud conspiracy. The Superior Court case involved the Defendant singularly forging and uttering a stolen check drawn on the account of a private business entity. The only similarity between the two cases is that Defendant Campbell used the false identity "George Dyson" to pass the stolen checks and he also used the same false identity to file a few false income tax returns. The cases involve different time periods, different victims, and different modus operandi.

U.S.S.G. § 1B1.3 explains the factors that determine the guideline range for relevant conduct. The guideline provides in part:

    (1)    (A)    all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and

              (B)    in the case of jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of jointly undertaken criminal activity, that occurred during the commission of the offense of conviction, in preparation fo that offense, or in the course of attempting to avoid detection or responsibility for that offense;

    (2)    solely with respect to offense of a character for which § 3D1.2(d) would require grouping of multiple counts, all acts an omissions described in subdivisions (1)(A) and (1)(B) above that were part of the same course fo conduct or common scheme ro plan as the offense of conviction; and

    (3)    all harm that resulted from the acts and omissions specified in subsections (a)(1) and (a)(2) above, and all harm that was the object of such acts and omissions...
(U.S.S.G. § 1B1.3)

The facts of the Superior Court case fails the test for and plainly does not constitute "relevant conduct" under the parameters of U.S.S.G. § 1B1.3. In addition, the tax fraud offense in this case and the fraud and theft charges in the Superior Court case do not group under U.S.S.G. §3D1.2(d). For all of these reasons, the defendant's argument fails. Further, the Superior Court case is a "discharged" sentence. Even if that case were relevant conduct to the present case, the court might grant credit for service of part of that sentence. The court has no authority to impose a sentence to run concurrent to a discharged sentence.

The cases cited by Defendant are not supportive of his argument and are easily distinguishable: <u>United States v. Jones</u>, 233 F. Supp.2d 1067 (E.D. Wisc. 2002) (Court ordered partial concurrent sentence to run with state sentence where the offense of conviction was committed prior to the offense for which defendant was currently incarcerated, both cases involved drug offenses committed in the jurisdiction, and had the crimes been prosecuted in a single indictment, defendant would likely have received no additional punishment for the instant offense); <u>United</u>

States v. Brannan, 74 F.3d 448 (3rd Cir. 1996) (In sentencing defendant who already served a sentence *for a related offense*, the district court had power to depart from the sentencing guidelines to achieve reasonable incremental punishment for the instant offense. Habeas appeal concerning Bureau of Prisons's accuracy in computing the amount of time the defendant was to serve on a Racketeering conviction. Court had ordered sentence to run concurrent with State sentence for illegal gambling where the plea agreement specifically stated that the government would not oppose the defendant seeking leave of Court to sentence him concurrently with his state sentence); (United States v. Dorsey, 166 F.3d 558 (3rd Cir. 1999) (District court had authority to grant sentencing credit against federal sentence that was imposed concurrently with state sentence arising from the same conduct); Witte v. United States, (515 U.S. 389, 1995) (Consideration of uncharged cocaine importation in order to impose higher sentence on marijuana charges within statutorily authorized range did not impose "punishment" for cocaine conduct for double jeopardy purposes and did not bar subsequent prosecution on cocaine charges); U. S. Court of Appeals for the Third Circuit v. Arnold, 533 F.2d 871 (3rd Cir. 1976) (Dealing with sentencing issues that arose prior to enactment of the U.S. Sentencing Guidelines); and United States v. Faustino Gonzalez, 133 Fed. Appx. 1 (3rd Cir. 2005) (Conduct underlying defendant's state and federal sentences was not related, so as to require imposition of a concurrent sentence).

### III.   CONCLUSION

Defendant's motion is without merit and should be denied. The crime in the instant case is a serious one. The federal tax system in the United States is based largely on the honesty and

integrity of those who file income tax returns. Defendant's scheme perverted the system and stole large amounts of money from the taxing authorities. Defendant's course of conduct in the instant case spanned several years, involved a complex, multi-jurisdictional scheme, the use of co-conspirators, and was an egregious abuse of the federal, District of Columbia, and State of Maryland tax systems. Defendant is entitled, at most, to credit for time served as for the period of time he was held in the instant case; since February 18, 2006. Otherwise, Defendant's motion should be denied.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        D.C. Bar Number 498610
        UNITED STATES ATTORNEY
        FOR THE DISTRICT OF COLUMBIA

BY:   _____
        SHERRI L. SCHORNSTEIN
        D.C. Bar # 415219
        Assistant U.S. Attorney
        Fraud & Public Corruption Section

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing, Opposition to Defendant's Motion for a Concurrent Sentence, was served on counsel for Defendant, Edward C. Sussman, Suite 900 - South Building, 601 Pennsylvania Ave., N.W., Washington, D.C. 20004, this _____, day of December, 2006, via the U.S. Mails and via facsimile transmission to (202) 347-1999.

 

_____
SHERRI L. SCHORNSTEIN
Assistant U.S. Attorney