UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA )
v.                       ) Criminal No. 05-455
KEITH CAMPBELL           ) (CKK)
                         ) Closed Case

MOTION FOR RECONSIDERATION OF MOTION FOR COMPASSIONATE LEAVE

Comes Now Petitioner Keith A. Campbell hereby proceeding pro se moves this Court to RECONSIDER DEFENDANT'S MOTION FOR Compassionate Leave for the following reason(s).

## I. Background

On August 7, 2006 Defendant pled guilty to Conspiracy to Defraud the Government with Respect to Claims, in violation of 18 U.S.C. § 286 and First Degree Theft, Aiding and Abetting in violation of 22-D.C. Code § 32-3212(a) and 1805. Defendant was sentenced on December 11, 2006 to 36 months of imprisonment.

"By motion dated January 9, 2007 Defendant pro se moved this Court to grant him 3 days of leave from his incarceration so that he can spend time with his sister following the murder of her son.

## II Discussion

The Government in Response to Defendant's motion in part II Conclusion of their motion stated that "because defendant has already been sentenced in this case, the court lacks jurisdiction to grant the Defendant's motion. Defendant's motion should therefore, be denied."

First petitioner recognizes that his motion is completely a discretionary motion that can be granted or denied as the Court sees fit. Petitioner arguement is simple. The Court has jurisdiction to grant Defendant's motion. Even though defendant has been sentenced this Court still retains jurisdiction over me because it has jurisdiction over my instant custodian which is the Warden of the Central Treatment Facility which is presently my district of confinement. See <u>Rumsfeld v. Padilla</u>, 124 S.Ct 2711 at 2724.

Even though <u>Rumsfeld v. Padilla</u> addresses a petition for a writ of habeas corpus as being properly filed in the district of confinement where petitioner was seeking to challenge his physical custody the principle is the same. As long as I am in the present district of confinement, this court has jurisdiction over my present custodian it retains personal jurisdiction over me. As long as I am confined at the Central Treatment facility this court has jurisdiction and <u>only</u> loses jurisdiction when I am transferred out of the District of Columbia.

Therefore the government's response to Defendant's motion on the basis that this court lacks jurisdiction to grant relief is not a correct statement of the applicable law.

Wherefore Defendant requests this court to grant Defendant's motion for a (3) three day Compassionate Leave since no other grounds have been presented in opposition to Defendant's motion.

Respectfully Submitted,
Keith A. Campbell
#218-871
1901 E. St. S.E
Wash. D.C. 20003

Dated January 26, 2007

Note: The government's motion and the Court's order were incorrectly addressed. 1901 D. St. S.E Wash. D.C. 20003 is the address for the D.C Jail. My address is 1901 E. St. S.E Wash. D.C. 20003 which is the address for the Central Treatment Facility. My committment number is #218-871 not #128-871 as indicated in the Government motion and Court order. This incorrect information resulted in the mail being delayed by over a week.