IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF C[olumbia]

RECEIVED
FEB 2 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

FILED
FEB 2 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

United States of America
v.                                    CR No: 05-455 (CKK)
Keith A. Campbell

## RENEWED MOTION FOR COMPASSIONATE LEAVE

Comes Now Petitioner Keith A. Campbell hereby proceeding pro se moves this Court to grant Movant a 72 hour (seventy-two hour) leave to visit his sister whose son was murdered in January 2007.

### Brief History

Movant was sentenced on December 11, 2006 to a 36 month term of imprisonment. The basis of this sentence was movant's guilty plea to Conspiracy to Defraud the Government and First Degree Theft. Movant on Jan 5, 2007 moved this Court to grant a compassionate leave. The motion was denied

on approximately January 19, 2007 because the Court stated based upon a motion by the U.S. Attorney that it lacked jurisdiction.

Movant filed a <u>second motion</u> asking the Court to reconsider it's previous motion because the Court still maintained jurisdiction over movant because movant was still confined in the District of Columbia and because the Court had jurisdiction over movant's instant custodian it maintained jurisdiction over movant. Movant cited <u>Rumsfeld v. Padilla</u> 124 S. Ct. 2711, 2717 (2004). Even though <u>Rumsfeld v. Padilla</u> supra involved a habeas petition the principle is the same. The Supreme Court went on to say that the Court has jurisdiction over a Movant as long as he is confined in their District of Confinement. So the U.S. Attorney's Reply motion

"was an error of law." This Court does have jurisdiction over movant. Movant filed his second motion approximately January 23, 2007 and it is now February 21, 2007 and the Court has never ruled on movant's second motion.

So this is Movant's <u>third</u> motion requesting the same relief. Movant recognizes that this is a discretionary motion but the only grounds for denial of the previous motion was that the Court was without jurisdiction. Since it is now well established that this Court has jurisdiction and the first ruling was in error based upon representations that are not true by the U.S. Attorney, Movant would like this Court to revisit the prior order and grant movant his request for a 72 hour compassionate leave.

Respectfully Submitted

Keith A. Campbell
Fed Id #13112-083
D.C.D.C. # 218-871
1901 E. St. S.E.
Wash. D.C. 20003

Dated: February 21, 2007