# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 06-3191                                             September Term, 2007

05cr455

United States of America,

Appellee

v.

Keith A. Campbell,

Appellant

**MANDATE**
Pursuant to the provisions of Fed. R. App. Pro. 41(a)
ISSUED: 4/16/08
BY:
ATTACHED: ___ Amending Order
___ Opinion
___ Order on Costs

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
FILED FEB 29 2008
CLERK

FILED
APR 21 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Appeal from the United States District Court
for the District of Columbia

**BEFORE:** HENDERSON and RANDOLPH *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*.

## JUDGMENT

This case was considered on the record from the United States district court for the District of Columbia and on the briefs and arguments by counsel. It is

ORDERED and ADJUDGED that the judgment of the district court be affirmed.

Appellant Keith Campbell (Campbell) pleaded guilty to two counts of a multi-count indictment charging Campbell and several unindicted co-conspirators with filing false federal, District of Columbia and Maryland individual income tax returns. On August 7, 2006, Campbell pleaded guilty to counts one (conspiracy to file false claims in violation of 18 U.S.C. § 286) and thirteen (first degree theft in violation of D.C. Code §§ 22-3211, 22-3212(a), 22-1805) and the Government agreed to dismiss the remaining charges. The parties also agreed to a stipulated sentence of 36 months pursuant to Federal Rule of Criminal Procedure

A True Copy:
United States Court of Appeals
for the District of Columbia Circuit

By: _____ Deputy Clerk

11(c)(1)(C).[1]

The Government submitted a sentencing memorandum urging the district court to accept the plea agreement. Although Campbell agreed that the district court should accept his plea, he requested that the court impose a sentence "concurrently with his previous Superior Court matter." Def.'s Mem. in Aid of Sentencing ¶ 2 (Nov. 24, 2006). At the time of his plea, Campbell was serving a five-year sentence after having pleaded guilty to unrelated charges of first degree fraud in violation of D.C. Code §§ 22-3821(A), 3822(A) and first degree theft in violation of D.C. Code § 22-3212 in D.C. Superior Court (involving Campbell's having uttered a forged check made out to his alias, "George Dyson"). On December 11, 2006, the district court accepted the plea, including the stipulated 36-month sentence, and denied Campbell's request that the sentence run concurrently with his then-completed Superior Court sentence.

Section 5G1.3(b) of the United States Sentencing Guidelines (Guidelines) provides that "[i]f . . . a term of imprisonment resulted from another offense that is *relevant conduct* to the instant offense of conviction . . . the court shall adjust the sentence for any period of imprisonment already served on the *undischarged* term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons[] and . . . the sentence for the instant offense shall be imposed to run concurrently to the remainder of the *undischarged* term of imprisonment." U.S.S.G. § 5G1.3(b) (emphases added).[2] Because Campbell had completed his Superior Court sentence by the time the district court sentenced him, section 5G1.3 did not apply. The Guidelines indicate, however, that a court has discretion to make a sentence concurrent with an undischarged sentence if neither subsection (a) nor subsection (b) of section 5G1.3 applies. *See* 5G1.3(c). *Cf.* § 5K2.23 (downward departure may be appropriate if defendant completed term of imprisonment to which section 5G1.3 would have applied had that sentence not been completed at time of sentencing). The district court indicated that exercising its discretion to make Campbell's sentence concurrent would have been inconsistent with the stipulated sentence and that section 5G1.3(b) would not have applied to the discharged sentence in any

---

[1] "If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will . . . agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement)." Fed. R. Crim. P. 11(c)(1)(C).

[2] The district court applied the 2003 version of section 5G1.3 of the Guidelines. Campbell conceded that any difference in language between the 2002 and 2003 versions of section 5G1.3 was immaterial.

2

event because it was not served for an offense that constituted "relevant conduct."

"Relevant conduct" includes acts or omissions "that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). We defer to the district court's determination of what constitutes the "same course of conduct" "[b]ecause the question of whether conduct in a given case constitutes a 'course of conduct' is inherently fact intensive." *United States v. Jackson*, 161 F.3d 24, 28 (D.C. Cir. 1998). The district court concluded that Campbell's Superior Court charges did not qualify as relevant conduct. Campbell argued that those charges involved the "'same general type'" of offense and the "same societal harm" of stealing money and that he used the same alias. Appellant's Br. 8-11 (quoting U.S.S.G. § 3D1.2 cmt. n.6). As the district court noted, however, the Superior Court charges involved Campbell's attempt "to cash a single stolen check that he had forged and uttered" which check was drawn on a private account whereas his conviction here was based on a conspiracy to file false income tax returns "in order to get tax refunds from . . . government entities" and on his uttering of "a DC government check issued for a tax return based on a false tax filing." Sentencing Tr. 15-16, Dec. 11, 2006. Giving due deference to the district court's application of the Guidelines to the facts, *see Jackson*, 161 F.3d at 28, we agree with its conclusion. *Compare Jackson*, 161 F.3d at 30 (similar drug transactions between 1992 and 1996 between same parties and same Colombian intermediaries constituted relevant conduct), *United States v. Wishnefsky*, 7 F.3d 254 (D.C. Cir. 1993) (embezzlement occurring continuously from 1980 to 1990 constituted one course of conduct), and U.S.S.G. § 1B1.3 cmt. n.9(B) (failure to file tax returns for three consecutive years constitutes course of conduct), *with United States v. Fermin*, 32 F.3d 674, 681 (2d Cir. 1994) (drug transactions in 1983-85 not relevant conduct to 1990-91 drug conspiracy), *abrogated in other respects by Bailey v. United States*, 516 U.S. 137 (1995), *and United States v. Kappes*, 936 F.2d 227, 231 (6th Cir. 1991) (obtaining postal job under false pretenses in 1983 and making false statements on occupational injury form in 1989 not relevant conduct).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. Rule 41(a)(1).

PER CURIAM

FOR THE COURT:

Mark J. Langer, Clerk

BY:

Deputy Clerk